## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

|  |  |
|---|---|
| TONYA LONG and JASON LONG, individually and on behalf of all those similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>      Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND PETITION FOR CERTIFICATION OF CLASS ACTION

COME NOW Plaintiffs Tonya Long and Jason Long, individually and on behalf of all others similarly situated, and pursuant to Rule 23 of the Federal Rules of Civil Procedure, file this their Complaint and Petition for Certification of Class Action, respectfully showing:

## INTRODUCTION

1.     This action relates to Defendant's failure to assess for and pay damages for diminution in value of its insureds' properties in violation of Georgia law and its insurance policies with Plaintiffs and class members.

2.     Plaintiffs Tonya Long and Jason Long maintain homeowners property insurance coverage with Defendant and timely reported a claim for direct physical

loss to their home resulting from wind and/or hail damage. Defendant was required not only to pay the costs of repair but also to assess for and pay any diminution in the fair market value of the insured property that exists despite physical repairs of the wind and/or hail damage giving rise to the covered claim. In violation of Georgia law and in breach of its insurance contract with Plaintiffs, Defendant (1) failed to perform an assessment of Plaintiffs' property for diminution in value that exists despite physical repairs of the damage and (2) failed to pay Plaintiffs for such diminution in value—each of which gives rise to separate harm and monetary damages.

3.      Plaintiffs seek to recover damages on behalf of themselves and current and former insureds of Defendant who suffered direct physical losses to their insured properties caused by wind damage, hail damage, mold damage, fire damage, and/or foundational and/or structural support damage but for which Defendant failed to assess for and pay diminution in value to those properties, in breach of Defendant's insurance contracts. Plaintiff also seeks to recover damages on behalf of themselves and current and former insureds of Defendant who, since January 23, 2014, suffered direct physical losses to their insured properties caused by water damage but for which Defendant failed to assess for and pay diminution in value to those properties, in breach of Defendant's insurance contracts. Alternatively, Plaintiffs seek injunctive relief and/or specific performance as remedies for Defendant's breach.

## JURISDICTION AND VENUE

4.    Plaintiffs Tonya Long and Jason Long reside at, and own the property located at 141 Rosewood Drive, Calhoun, Georgia 30701.  Plaintiffs' home and property are insured by State Farm Fire and Casualty Company pursuant to Policy Number 81-LU-4161-5 ("Policy").  Said policy of insurance was applied for and obtained in the State of Georgia.

5.    Defendant State Farm Fire and Casualty ("State Farm") is an Illinois insurance company which maintains a registered office in the State of Georgia and is a licensed insurer in the State of Georgia.

6.    State Farm has numerous agents and places of business in Georgia, many located in Macon, Georgia at the time the causes of action alleged herein accrued.  State Farm continues to maintain agents and places of business in Macon, Georgia.

7.    State Farm may be served with process upon its registered agent for service, Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

8.    This Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000.00.  This Court also has subject matter jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(A), which provides for federal jurisdiction in class actions with

minimal diversity when damages exceed five million dollars, exclusive of interest and costs.  Upon information and belief, the aggregate amount at issue in this dispute exceeds five million dollars.  In addition, "minimal diversity" is satisfied because at least one member of the proposed classes is a citizen of a State different from Defendant.  The Court has supplemental subject matter jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367.

9.     Venue in this Court is proper pursuant to the provisions of 28 U.S.C §§ 1391(b)(2) & (d).

## ALLEGATIONS SPECIFIC TO THE NAMED PLAINTIFFS

10.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

11.     At all times pertinent hereto, Plaintiffs maintained an insurance policy issued by Defendant.

12.     Specifically, in consideration for Plaintiffs' payment of premiums, Defendant issued the above-referenced Policy to Plaintiffs.

13.     The Policy was issued in the State of Georgia.

14.     The Policy was drafted by Defendant and/or its agents.

15.     Plaintiffs performed all contractual conditions required of her under the Policy, including the timely payment of premiums due under the Policy.

16.    Under Georgia law, coverage for diminution in value losses has been, and is, part of the contracts of homeowners insurance[1] issued by Defendant to Plaintiffs and to other insureds throughout the State of Georgia.

17.    Under Georgia law, when insureds present first-party claims under their homeowners insurance policies for direct physical loss to their covered properties, the insurers are required not only to pay the costs of repair, but also to assess for, and where found, pay any diminution in the fair market value of the insured property that exists despite repairs of the physical damage.

18.    Implied in every contract, including the contract of insurance wherein Defendant agreed to provide coverage to Plaintiffs, is the covenant of good faith and fair dealing.  Defendant had the duty to treat Plaintiffs, as its insureds, with the utmost good faith.

19.    On April 28, 2014, Plaintiffs' home and property was insured under the Policy.  As of that date, the Policy provided Plaintiffs with several coverages, including "Dwelling" coverage.

20.    On April 28, 2014, Plaintiffs' home, which was insured under the Policy, suffered wind and/or hail damage to the home; an event that was covered

---

[1] Plaintiffs use the term "homeowners insurance" to refer to any insurance policy, however titled, issued by Defendant that provides homeowners property coverage.

under the Policy.  Plaintiffs timely reported the direct physical loss to Defendant and otherwise complied with the terms and conditions of the Policy.

21.     Defendant adjusted Plaintiffs' claim arising out of the loss, authorized repairs to Plaintiffs' home, and subsequently paid certain repair costs.  Despite those repairs, as a result of this wind and/or hail damage to Plaintiffs' property, the fair market value of Plaintiff's property was diminished.

22.     At the time Defendant authorized the repairs to Plaintiffs' home and adjusted the claim, Defendant failed to perform an assessment for diminution in the fair market value of Plaintiffs' property resulting from the wind and/or hail damage even after full repairs of the physical damage.

23.     Defendant failed to assess for Plaintiffs' diminution in value loss.

24.     Defendant failed to pay Plaintiffs' diminution in value loss to Plaintiffs.

25.     By failing to account for diminution in value as an element of loss and by failing to pay its insured the diminution in value of its property, Defendant breached the Policy, including the covenant of good faith and fair dealing inherent therein.

26.     Defendant's breach of contract has injured and harmed Plaintiffs and has proximately caused Plaintiffs damages for which Plaintiffs seek recovery.

27.    Plaintiffs are entitled to recover damages for Defendant's breaches of contract in (1) failing to assess for diminished value that exists despite physical repairs of the wind and/or hail damage and (2) failing to pay for diminished value.

28.    Alternatively, Plaintiffs are entitled to specific performance and/or injunctive relief.

## CLASS ALLEGATIONS

29.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

30.    Plaintiffs bring this action on behalf of themselves and other similarly situated persons who contracted with Defendant for homeowners insurance[2] coverage for property located in the State of Georgia.

31.    Defendant has issued homeowners insurance policies throughout the State of Georgia.  The Policy issued to Plaintiffs is the same or substantially similar in all respects material to this action to numerous policies of insurance issued by Defendant to insureds throughout the State of Georgia.

32.    Despite the fact that its homeowners policies of insurance provide coverage for diminution in value, Defendant has implemented, and continues to implement, procedures whereby it systematically fails to assess for and pay

---

[2] *See supra* note 1.

diminution in value in first-party physical damage claims and fails to establish procedures to handle diminution in value claims.

33.     Defendant's failure to assess for and pay diminution in value respecting first-party physical damage claims and Defendant's failure to establish procedures to handle such diminution in value claims has resulted in numerous and systematic breaches of contract by Defendant.

34.     Plaintiffs were insured by Defendant and had coverage against risks of direct physical loss to their home under the Policy.  At the time Plaintiffs submitted their claims to Defendant and Defendant authorized repairs to Plaintiffs' home and adjusted the claim, Defendant failed to assess for and pay Plaintiffs' diminution in value loss that exists despite physical repairs of the water damage.

35.     Upon information and belief, Defendant has treated all of its policyholders who have presented first-party physical damage claims under their homeowners insurance policies the same or substantially the same way Defendant treated Plaintiffs when Plaintiffs presented their claim in that Defendant has failed to assess for and pay diminution in value loss.

36.     By paying only for repairs and by failing to assess for and pay diminution in value of its insureds' properties, Defendant's conduct has been, and is, in violation of Georgia law and contrary to the terms, conditions, and obligations of its own contracts of insurance.

37.    Plaintiffs seek certification of two or more classes of similarly situated persons or entities in order: (a) to require Defendant to pay damages equal to the cost of performing diminished-value assessments to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this action through the date of class certification presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving wind damage, hail damage, mold damage, fire damage, or foundational and/or structural support damage, or within the period of January 23, 2014 through the date of class certification presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving water damage, but for which Defendant failed to perform a diminished-value assessment; (b) to require Defendant to pay damages for diminution in the fair market value of their properties to those insureds who, under their homeowners insurance policies, have within the period of six years preceding the filing of this civil action through the date of class certification presented first-party physical damage claims arising from direct physical losses to their insured properties caused by covered events involving wind damage, hail damage, mold damage, fire damage, or foundational and/or structural support damage, or within the period of January 23, 2014 through the date of class certification presented first-party physical damage claims arising from direct physical losses to their insured

properties caused by covered events involving water damage, but for which Defendant failed to pay such diminished value; and (c) alternatively, to obtain an injunction and/or specific performance requiring Defendant to honor and abide by its contractual obligations.

38.    Specifically, pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a representative of the following classes:

A.

All persons formerly or currently insured under homeowners insurance policies issued by Defendant that provide coverage for property located in the State of Georgia who within the period of six years preceding the commencement of the instant civil action through the date of class certification presented first-party claims arising from direct physical losses to their properties as a result of wind damage, hail damage, mold damage, fire damage, or foundational and/or structural support damage to their homes, or within the period of January 23, 2014 through the date of class certification presented first-party claims arising from direct physical losses to their properties as a result of water damage to their homes, which are events covered by the policy but for which Defendant failed to perform a diminished-value assessment in connection with said claims (hereinafter the "Failure to Assess Covered Loss Class").

B.

All persons formerly or currently insured under homeowners insurance policies issued by Defendant that provide coverage for property located in the State of Georgia who within the period of six years preceding the

commencement of the instant civil action through the date of class certification presented first-party claims arising from direct physical losses to their properties as a result of wind damage, hail damage, mold damage, fire damage, or foundational and/or structural support damage to their homes, or within the period of January 23, 2014 through the date of class certification presented first-party claims arising from direct physical losses to their properties as a result of water damage to their homes, which are events covered by the policy but for which Defendant failed to pay diminution of value in connection with said claims (hereinafter the "Failure to Pay Covered Loss Class").

39.    Excluded from the Failure to Assess Covered Loss Class and the Failure to Pay Covered Loss Class are Defendant, the officers and directors of Defendant at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendant has or had a controlling interest.

## FEDERAL RULE OF CIVIL PROCEDURE 23(a)

40.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

41.    The Failure to Assess Covered Loss Class and the Failure to Pay Covered Loss Class (collectively, the "Classes") are properly brought and should be maintained as a class action under Rule 23(a) of the Federal Rules of Civil Procedure, because they satisfy the prerequisites of numerosity, commonality, typicality, and adequacy.

42.    Specifically, the members of the Classes are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that Defendant insures thousands of home owners in the State of Georgia who are members of the proposed Classes.

43.    The claims of Plaintiffs and the members of the Failure to Assess Covered Loss Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class, including, *inter alia*, the following: (1) whether, under Georgia law and pursuant to Defendant's homeowners insurance policies, Defendant is required to assess for any diminution in value to insured properties sustained as the result of wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage where such damage is a covered event under the applicable insurance policy; (2) whether Defendant failed to assess for diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to insured properties caused by wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage, which are covered events under the policies; (3) whether Defendant breached the terms of the homeowners insurance policies by failing to assess for diminished value that exists despite physical repairs; (4) whether the claims of Plaintiffs and members of the

Failure to Assess Covered Loss Class arise from the same conduct constituting Defendant's breach of the homeowners insurance policies; (5) whether Defendant's practices complained of herein should be enjoined or Defendant should be ordered to specifically perform its contractual obligations; and/or (6) whether Plaintiffs and members of the Failure to Assess Covered Loss Class are entitled to damages as a result of Defendant's failure to assess for diminished value.

44.    The claims of Plaintiffs and the members of the Failure to Pay Covered Loss Class involve common questions of law and fact, which predominate over questions affecting only individual members of the Class, including, *inter alia*, the following: (1) whether, under Georgia law and pursuant to Defendant's homeowners insurance policies, Defendant is required to pay to its first-party physical damage claimants any diminution in value to their real property sustained as the result of wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to such property where such damage is a covered event under the applicable insurance policy; (2) whether Defendant failed to pay for any diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to their insured properties caused by wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to insured properties, which are covered events under the policies; (3) whether Defendant breached the terms of the

homeowners insurance policies by failing to pay for diminished value; (4) whether the claims of the Failure to Pay Covered Loss Class arise from the same conduct constituting Defendant's breach of the homeowners insurance policies; (5) whether Defendant's practices complained of herein should be enjoined or Defendant should be ordered to specifically perform its contractual obligations; and/or (6) whether Plaintiffs and members of the Failure to Pay Covered Loss Class are entitled to monetary damages as a result of Defendant's failure to pay diminished value.

45.     Plaintiffs' claims are typical of those of the members of the Failure to Assess Covered Loss Class because their claims have the same essential characteristics as the claims of the Class members, and their claims arise from the same course of conduct by Defendant.  Plaintiffs and all of the members of the Failure to Assess Covered Loss Class maintain, or have maintained, physical damage insurance coverage pursuant to homeowners insurance policies issued by Defendant containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such losses.  Plaintiffs' claims arise out of contracts of insurance that have not been performed due to the uniform policies, practices, and procedures of Defendant that omit or conceal reference to, consideration of, and payment for diminution in value. Defendant has developed policies, practices, and procedures for the repair of properties and the adjustment and settlement of claims that omit or conceal reference

14

to, consideration of, and payment for diminution in value.  Defendant applies these policies, practices, and procedures in a similar fashion to Plaintiffs and all other members of the Failure to Assess Covered Loss Class.  Plaintiffs and the members of the Failure to Assess Covered Loss Class all made claims upon Defendant for adjustment of first-party physical damage claims as a result of wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to their properties, which are events covered under the insurance policies. When adjusting such claims, Defendant failed to perform a diminished-value assessment for any loss in value that exists despite physical repairs of the damage.  Each Failure to Assess Covered Loss Class member's contract of insurance was breached by Defendant in a substantially similar manner, i.e., by Defendant's failure to perform an assessment for diminution in value.

46.    The claims of Plaintiffs are typical of those of the members of the Failure to Pay Covered Loss Class because their claims have the same essential characteristics as the claims of the class members, and their claims arise from the same course of conduct by Defendant.  Plaintiffs and all of the members of the Covered Loss Class maintain, or have maintained, physical damage insurance coverage pursuant to homeowners insurance policies issued by Defendant, containing identical, or substantially similar, language respecting risks of direct physical losses to their properties and provisions respecting settlement of such

losses. Plaintiffs' claims arise out of contracts of insurance that have not been performed due to the uniform policies, practices, and procedures of Defendant. Defendant has developed policies, practices, and procedures for the repair of properties and the adjustment and settlement of claims that omit or conceal reference to, consideration of, and payment for diminution in value. Defendant applies these policies, practices, and procedures in a similar fashion to Plaintiffs and all other members of the Failure to Pay Covered Loss Class. Plaintiffs and the members of the Covered Loss Class all made claims upon Defendant for adjustment of first-party physical damage claims as a result of wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to their properties, which are events covered under the insurance policies. When adjusting such claims, Defendant failed to pay diminution in value losses to Plaintiffs and the members of the Failure to Pay Covered Loss Class. Each Failure to Pay Covered Loss Class member's contract of insurance was breached by Defendant in a substantially similar manner, i.e., by their failure to pay diminution in value.

47.    Plaintiffs will fairly and adequately represent the interests of all members of the Classes. Plaintiffs' claims are common to all members of the Classes, and Plaintiffs have strong interests in vindicating their rights. Plaintiffs are represented by counsel experienced in complex and class action litigation.

## THE CLASSES MEET THE REQUIREMENTS OF RULE 23(b)

48.    Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

49.    The Failure to Assess Covered Loss Class and the Failure to Pay Covered Loss Class may be maintained pursuant to Rule 23(b)(1), (b)(2), (b)(3), and/or (c)(4).

50.    Certification of the Classes is appropriate pursuant to Rule 23(b)(1)(A) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendant. Certification of the Classes is likewise appropriate pursuant to Rule 23(b)(1)(B) because the prosecution of separate actions by individual class members would create a risk of adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

51.    Certification of the Classes is also appropriate pursuant to Rule 23(b)(2).  Defendant has acted or refused to act on grounds that apply generally to the members of the Classes, so that final injunctive relief is appropriate respecting the Class as a whole.  Defendant has systematically breached the contracts of

insurance by failing to evaluate and pay diminution in value losses to its insureds in a manner which is generally applicable to the members of the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole. In particular, any final injunctive would apply to the entire Classes as the rights of all Class members under the terms of the homeowners insurance policies can be addressed in one order requiring Defendant to perform an assessment for and, where found, pay diminution in value with respect to policyholders who presented first-party physical damage claims arising from direct physical losses to their insured properties caused by wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage which are covered events.

52.    Certification of the Classes is also appropriate pursuant to Rule 23(b)(3) because common questions of law and fact that exist as to all members of the Classes are central to the adjudication of this action and predominate over any questions solely affecting individual members of the Classes.

53.    Moreover, a class action is superior to other available methods for the fair and efficient adjudication of this controversy in that, among other factors:

(a)    The interests of the Plaintiffs and members of the Classes in individually controlling the prosecution of separate actions are outweighed by the

advantages of adjudicating the common issues of fact and law by means of a class action;

(b)    The expense of prosecuting Plaintiffs' and Class members' claims individually would significantly exceed any economic benefit Plaintiffs or Class members could realize individually, and individual litigation would overload court dockets and magnify the delay and expense to all parties making individual litigation of liability and damages claims economically impractical and infeasible;

(c)    It is desirable that litigation of the claims occur for the Classes in this forum to preserve the resources of both the Courts and the litigants, and to reduce the risk of varying and inconsistent adjudications that could occur in individual adjudications; and

(d)    Little, if any, difficulty is likely to be encountered in management of this class action because applicable law will uniformly apply to the claims of the Classes.

54.    In the alternative, or in addition to certification under Rule 23(b), Plaintiffs seeks certification of the Classes under Rule 23(c)(4), which provides that an action may be brought or maintained as a class action with respect to particular issues.  Under Rule 23(c)(4), certification is appropriate when a Plaintiff establishes a class under Rule 23(a), and when a common issue threads through the case.

55.     In particular, Plaintiffs seek certification of the liability aspects of the claims asserted by the Failure to Pay Covered Loss Class, including but not limited to whether Defendant's homeowners insurance policies provide coverage for diminished value and whether Defendant breached the homeowners insurance contracts by failing to pay for diminished value.  Specifically, the liability issues applicable to the breach of contract claim suffered by the Failure to Pay Covered Loss Class arise from the following question: whether the Defendant breached the homeowners insurance policies by failing to assess for and pay diminution in value when its policyholders presented first-party physical damage claims arising from direct physical losses to their insured properties caused by wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage, which are covered events.  Because Defendant's conduct was uniform with respect to all members of the Class in that it failed to assess for and pay diminution of value, this issue is suited for class-wide issue resolution under Rule 23(c)(4).

## COUNT 1 – BREACH OF CONTRACT

## (FAILURE TO ASSESS FOR DIMINISHED VALUE)

56.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

57.     During the relevant class periods, Plaintiffs and all members of the Failure to Assess Covered Loss Class maintained coverage against risks of direct physical loss to their properties under policies of homeowners insurance issued by Defendant.  These policies of homeowners insurance were drafted by the Defendant and/or its agents and are accordingly construed against Defendant.

58.     Implied in every contract, including the contracts of insurance wherein Defendant agreed to provide homeowners insurance coverage to Plaintiffs and the members of the Failure to Assess Covered Loss Class, is the covenant of good faith and fair dealing.  Defendant had a duty to treat Plaintiffs and the members of the Failure to Assess Covered Loss Class with the utmost good faith.

59.     During the relevant class periods, Plaintiffs and the other members of the Failure to Assess Covered Loss Class all made first-party claims against Defendant for wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to dwellings, which were covered under the homeowners insurance policies issued by Defendant.

60.     The damage associated with these claims—wind and/or hail damage, mold damage, fire damage, foundational and/or structural support damage, and/or water damage—had the potential to cause diminished value due to stigma even after physical repairs.

61.    As part of its contractual obligations to Plaintiffs and members of the Failure to Assess Covered Loss Class, Defendant was required to perform diminished-value assessments of Class Members' homes when it adjusted their claims.

62.    Despite being required to do so by its policies of homeowners insurance and Georgia law, Defendant failed to perform an assessment for the diminution-in-value losses of Plaintiffs and the other Failure to Assess Covered Loss Class members.

63.    By failing to perform an assessment for diminution in value as an element of loss, Defendant breached the homeowners insurance contracts, including the covenant of good faith and fair dealing inherent therein.

64.    The breaches of contract by Defendant have injured and harmed Plaintiffs and the Failure to Assess Covered Loss Class members and have proximately caused them damages.

65.    Plaintiffs and the members of the Failure to Assess Covered Loss Class are entitled to recover damages from Defendant for breach of contract arising from Defendant's failure to perform diminished-value assessments.    Accordingly, Plaintiffs sue on behalf of themselves and the other Failure to Assess Covered Loss Class members in order to recover amounts due to members of that Class based upon Defendant's failure to perform diminished-value assessments in the aforesaid first-

party claims of Plaintiffs and the other Failure to Assess Covered Loss Class members.

66.   Alternatively, because monetary relief is not adequate to remedy the harm caused by Defendant's failure to assess for diminished value in breach of the homeowners insurance contracts, Plaintiffs also seek specific performance and/or an order enjoining Defendant's nonperformance to prevent irreparable harm to Plaintiffs and members of the Failure to Assess Covered Loss Class.

## COUNT 2 – BREACH OF CONTRACT

### (FAILURE TO PAY FOR DIMINISHED VALUE)

67.   Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

68.   During the relevant class periods, Plaintiffs and all members of the Failure to Pay Covered Loss Class maintained coverage against risks of direct physical loss to their properties under policies of homeowners insurance issued by Defendant.  These policies of homeowners insurance were drafted by Defendant, and/or its agents and are accordingly construed against Defendant.

69.   Implied in every contract, including the contracts of insurance wherein Defendant agreed to provide homeowners insurance coverage to Plaintiffs and the members of the Failure to Pay Covered Loss Class, is the covenant of good faith and

fair dealing.  Defendant had a duty to treat Plaintiffs and the members of the Failure to Pay Covered Loss Class with the utmost good faith.

70.     During the relevant class periods, Plaintiffs and the other members of the Failure to Pay Covered Loss Class all made first-party claims against Defendant for wind damage, hail damage, mold damage, fire damage, foundational and/or structural support damage, or water damage to dwellings, which were covered under the homeowners insurance policies issued by Defendant.

71.     The damage associated with these claims—wind and/or hail damage, mold damage, fire damage, foundational and/or structural support damage, and/or water damage—had the potential to cause diminished value due to stigma even after physical repairs.

72.     Despite being required to do so by its policies of homeowners insurance and Georgia law, Defendant failed to perform an assessment for the diminution in value losses of Plaintiffs and the other Failure to Pay Covered Loss Class members and failed to pay these losses to Plaintiffs and the other Failure to Pay Covered Loss Class members.

73.     By failing to pay Plaintiffs and the Failure to Pay Covered Loss Class members the diminution in value of their properties, Defendant breached the homeowners insurance contracts, including the covenant of good faith and fair dealing inherent therein.

24

74.    The breaches of contract by Defendant have injured and harmed Plaintiffs and the Failure to Pay Covered Loss Class members and have proximately caused them damages.

75.    Plaintiffs and the members of the Failure to Pay Covered Loss Class are entitled to recover damages from Defendant for breach of contract arising from Defendant's failure to pay for diminished value.  Accordingly, Plaintiffs sue on behalf of themselves and the other Failure to Pay Covered Loss Class members in order to recover amounts due to members of that Class based upon Defendant's failure to pay diminution of value in the aforesaid first-party claims of Plaintiffs and the other Failure to Pay Covered Loss Class members.

76.    Alternatively, because monetary relief is not adequate to remedy the harm caused by Defendant's breaches of the homeowners insurance contracts, Plaintiffs also seek specific performance and/or an order enjoining Defendants' nonperformance to prevent irreparable harm to Plaintiffs and members of the Class.

## <u>COUNT 3 – ATTORNEYS' FEES AND COSTS</u>

77.    Plaintiffs incorporates the foregoing allegations as if fully set forth herein.

78.    Throughout the course of events described in this Second Amended Complaint, Defendant has acted in bad faith, been stubbornly litigious, and/or has caused Plaintiffs and members of the Classes undue trouble and expense.

79.    As a result, Plaintiffs and members of the Classes are entitled to recover attorneys' fees, costs, and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiffs pray:

(a)    that summons and process issue to the Defendant as required by law;

(b)    that Plaintiffs, individually, recover compensatory damages for the injuries and damages they have incurred in an amount proven at trial;

(c)    that this Court certify the Classes requested herein, and that the Court find and conclude that Plaintiffs are appropriate representatives of these Classes;

(d)    that this Court find and conclude that the undersigned counsel fairly and adequately represent and protect the interests of the Classes requested herein, and certify the undersigned counsel to act as counsel for these Classes;

(e)    that judgment be entered against Defendant finding that Defendant breached the homeowners insurance contracts by (1) failing to assess for diminished value and (2) failing to pay diminished value;

(f)    that judgment be entered against Defendant in such amount as will fully and adequately compensate Plaintiffs and the other members of the Classes;

(g)      that this Court issue an order requiring that Defendant specifically perform its obligations under the homeowners insurance contracts in effect and/or enjoining any non-performance by Defendant under the homeowners insurance contracts;

(h)      that this Court award Plaintiffs and members of the Classes their costs and attorney's fees pursuant to O.C.G.A. § 13-6-11;

(i)      that Plaintiffs have a trial by jury with respect to the legal claims; and

(j)      that this Court grant such other and further relief as it deems just and proper under the premises.

Respectfully submitted this 25th day of January, 2017,

/s/ Richard Kopelman
Richard Kopelman, GA Bar No. 428115
Clint W. Sitton, GA Bar No. 649420
KOPELMAN SITTON LAW GROUP, LLC
3405 Piedmont Road, N.E., Suite 500
Atlanta, Georgia 30305
clint@kopelmansitton.com
richard@kopelmansitton.com

Adam P. Princenthal, GA Bar No. 588219
PRINCENTHAL & MAY, LLC.
750 Hammond Drive
Building 12, Suite 200
Sandy Springs, Georgia 30328
adam@princemay.com

C. Cooper Knowles, GA Bar No. 426699
LAW OFFICES OF C. COOPER KNOWLES
750 Hammond Drive
Building 12, Suite 350
Sandy Springs, Georgia 30328
cknowles@cckfirm.com

Michael J. Brickman, SC Bar No. 874
James C. Bradley, SC Bar No. 16611
Nina Fields Britt, SC Bar No. 68294
RICHARDSON, PATRICK, WESTBROOK &
BRICKMAN, LLC
1017 Chuck Dawley Blvd. (29464)
Post Office Box 1007
Mount Pleasant, South Carolina 29465
jbradley@rpwb.com
mbrickman@rpwb.com
nfields@rpwb.com

*Attorneys for Plaintiffs*