IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TONYA LONG and JASON LONG, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-28 (MTT) ) |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiffs Tonya and Jason Long seek relief on behalf of themselves and others similarly situated for the alleged refusal of Defendant State Farm Fire and Casualty Company to assess and pay for diminished value when its insureds claim losses covered under their State Farm homeowners' insurance policies. Doc. 1 at ¶¶ 1; 38. State Farm moves to dismiss the Longs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it is barred by the policy's one-year limitation for filing suit. Doc. 6. In response, the Longs argue that State Farm has waived the limitation, which, even if not sufficiently alleged in their original complaint, is sufficiently alleged in the proposed amended complaint that they seek leave to file. Docs. 15; 16; 16-1. For the reasons discussed below, the Longs' motion for leave to amend (Doc. 16) is **GRANTED**, and State Farm's motion to dismiss (Doc. 6) is **DENIED**.

## I. BACKGROUND

In *State Farm Mutual Automobile Insurance Company v. Mabry*, the Georgia Supreme Court held that when "loss" is not defined in an insurance policy, at least in automobile policies, diminished value is an element of "loss" and insurers must assess damaged property for diminished value. 274 Ga. 498, 508, 556 S.E.2d 114, 122-23 (2001). Subsequently, in *Royal Capital Development LLC v. Maryland Casualty Company*, the Georgia Supreme Court clarified that "loss" has a similar meaning, when not otherwise defined, in insurance policies covering real property. 291 Ga. 262, 267, 728 S.E.2d 234, 238 (2012).

The Longs allege that State Farm failed to assess and pay for diminished value of their home as required by *Mabry* and *Royal Capital*. According to the complaint, on April 28, 2014 the Longs' home "suffered wind and/or hail damage," an event that was covered under their State Farm homeowners insurance policy. Doc. 1 at ¶ 20. The Longs "timely reported the . . . loss" to State Farm, and State Farm "adjusted [the] claim arising out of the loss, authorized repairs to [the] home, and subsequently paid certain repair costs." *Id.* at ¶¶ 20-21. But, "[d]espite those repairs, as a result of this wind and/or hail damage to [the] property, the fair market value of [the] property was diminished." *Id.* at ¶ 21. State Farm "failed to perform an assessment for diminution in the fair market value of [the] property . . . [and] failed to pay [the Longs'] diminution in value loss . . . ." *Id.* ¶¶ 22-24. The Longs assert that "[b]y failing to account for diminution in value as an element of loss and by failing to pay its insured the diminution

in value of its property, [State Farm] breached the Policy," entitling them to damages and/or injunctive relief. *Id.* ¶¶ 25-28.[1]

State Farm argues that the Longs' claim is barred by a contractual limitations period in the Longs' homeowners policy, which State Farm attached to its motion. Docs. 6; 6-1. The relevant provision states: "No action shall be brought unless there has been compliance with the policy provisions. The action must be started within one year after the date of loss or damage." Doc. 6 at 2 (quoting Doc. 6-1 at 34). State Farm argues that the complaint is barred because it was filed on January 25, 2017, almost three years after the loss. Doc. 6 at 2.

## II. DISCUSSION

### A. Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S.

---
[1] The Plaintiffs also set forth these allegations in their proposed amended complaint. Doc. 16-1 at ¶¶ 20-25; 38-41.

at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

**B.     The Proposed Amended Complaint**

The Longs and State Farm agree that the one-year limitation defense is an affirmative defense. Docs. 14 at 3; 15 at 8. This is not entirely clear. Very generally, "plaintiffs are not required to negate an affirmative defense in their complaint." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citation, quotation marks, and alterations omitted). However, Georgia law suggests that compliance with policy suit limitations is a condition precedent, suggesting in turn that it may be incumbent on an insured to plead compliance.[2] The allegations of the proposed amended complaint are, in any event, sufficient to withstand State Farm's motion to dismiss because they plausibly allege that State Farm waived the one-year limitation. Accordingly, the Court declines to decide the exact nature of the limitation defense and

---

[2] *See, e.g.*, *Willis v. Allstate Ins. Co.*, 334 Ga. App. 540, 543, 779 S.E.2d 744, 746 (2015) ("[S]uit limitations are enforceable in Georgia, and an insured's compliance with such a provision is a condition precedent to filing a lawsuit based on the policy." (citation omitted)); *Smith v. Allstate Ins. Co.*, 159 Ga. App. 743, 744, 285 S.E.2d 82, 84 (1981) ("Compliance with the policy provisions is a condition precedent to recovery." (citation omitted)); *Beck v. Ga. Farm Bureau Mut. Ins. Co.*, 146 Ga. App. 878, 878, 247 S.E.2d 548, 549 (1978) ("Filing suit within a specified period of time is a condition precedent to recovery on an insurance policy.").

the Longs' pleading burden; the Court simply assumes that the Longs have the burden of pleading allegations that negate the one-year limitation.[3]

The Longs' waiver argument has ultimately crystalized into the following: State Farm waived the limitation provision by accepting liability on the Longs' claim and making payments on it without any mention of, or adjustment for, diminished value in an attempt to "run[] out the clock on its insureds by purposefully concealing its legal and contractual duty to assess for diminution in value." Doc. 18 at 3. The Longs argue that State Farm's acceptance of liability without any mention of diminished value was, in light of State Farm's practice of explaining all relevant coverage, calculated to lull the Longs and similarly-situated insureds into believing that their claim would be paid in full without the need to bring suit, as was State Farm's policy of remaining silent on the issue of diminished value unless diminished value were "affirmatively raised by an insured." *Id.* at 6 n.2, 7. The Longs' proposed amended complaint alleges facts that plausibly support these arguments. *See, e.g.*, Doc. 16-1 at ¶ 30 ("Despite State Farm's above-referenced policy and commitment to insureds to explain all coverages, State Farm had

---

[3] The Court also need not resolve a noted possible tension between the authority addressing when a complaint can be dismissed on the basis of an affirmative defense and the heightened pleading standards set forth in *Iqbal* and *Twombly*. *See, e.g., Amy v. Anderson*, 2017 WL 1098823 at 1 n.1 (M.D. Ga.) (noting tension); *see also Sarris v. Underwood (In re Underwood)*, 2013 WL 4874341, *3 (Bankr. N.D. Ala.) (also noting tension). In *Tello v. Dean Witter Reynolds*, the Eleventh Circuit stated: "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that [the plaintiff] can prove no set of facts that toll the statute." 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (quotation marks and citation omitted), *abrogated on other grounds by Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010), *as recognized by Walter v. Avellino*, 565 F. App'x 464 (11th Cir. 2014). In *Twombly*, the Supreme Court refined the previous "no set of facts" standard, concluding that a complaint must "state a claim to relief that is plausible on its face." 550 U.S. at 570. Accordingly, after *Iqbal* and *Twombly*, where a complaint alleges facts supporting an affirmative defense, the plaintiff arguably has a corresponding duty to plausibly allege facts negating its application. However, in two unreported decisions decided after *Twombly* (one of which was decided after *Iqbal*), the Eleventh Circuit has quoted *Tello*'s "no set of facts standard" with approval. *See Lindley v. City of Birmingham*, 515 F. App'x 813, 815 (11th Cir. 2013); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 764 (11th Cir. 2008). The Court declines to resolve any tension presented by a continued application of the "no set of facts" standard: the Longs' proposed amended complaint plausibly alleges facts which, if true, establish waiver, and therefore the proposed amended complaint negates the defense even within the plausibility standard of *Iqbal* and *Twombly*.

a practice and procedure of not raising the issue of diminished value with its insureds."), ¶ 35 ("State Farm has an internal policy on how to avoid waiver of a contractual provision, which requires claims handlers to put an insured on notice if there is a question regarding coverage, which is done through a non-waiver agreement or a reservation-of-rights letter. However, State Farm has never entered a non-waiver agreement or sent a reservation-of-rights letter regarding diminished value.").

State Farm opposes the Longs' motion to amend on the sole ground that it would be futile because the claim would still be barred by the one-year limitation. Doc. 17 at 4. An amendment is futile if the complaint would be subject to dismissal as amended. *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004). Because the Longs' proposed amended complaint contains allegations central to their current waiver argument and State Farm's sole argument for denying the motion to amend is futility, the Court need not consider whether the initial complaint would survive a motion to dismiss and instead addresses the proposed amended complaint.

The Longs' proposed amended complaint alleges the following:

- "State Farm accepted [the Longs'] claim as a covered event under the policy." Doc. 16-1 at ¶ 25.

- "[State Farm] adjusted [the] claim arising out of the loss, authorized repairs to [the Longs'] home, and subsequently paid certain repair costs." *Id.* at ¶ 21.

- "State Farm assured [the Longs] that their claim was progressing toward conclusion without notifying [them] that State Farm would not assess for diminution in value and either pay it or deny its existence as required by Georgia law." *Id.* at ¶ 23.

- State Farm never indicated that any portion of the Longs' loss was not covered despite having "an internal policy on how to avoid waiver of a contractual provision, which requires claims handlers to put an insured on notice if there is a question regarding coverage." *Id.* at ¶¶ 23-24, 35.

- "State Farm was obligated to explain to insureds if there is not coverage and, if there is coverage, to some assessment of damage." *Id.* at ¶ 28; *see also id.* at ¶ 27 (grounding obligation in the policy), ¶ 29 (grounding obligation in State Farm's "commitment" to its insureds in fulfillment of the policy).

- State Farm's actions were part of a "policy of concealing from its insureds its duty to assess for diminution in value and pay diminution in value when found." *Id.* ¶ 33.

State Farm argues that the amended complaint's additional allegations as to "State Farm's general practices and guidelines have no connection whatsoever to the Plaintiffs or the facts of their individual claim." Doc. 17 at 4. The Court disagrees. The policies and procedures are relevant to show how State Farm acted in relation to the Longs. The Longs allege that State Farm has been accepting coverage for claims and paying claims, communicating to its insureds what is purported to be a full disclosure of their coverage, but simply omitting any mention of diminished value. It is reasonable to infer that State Farm, in an effort to avoid *Mabry* and *Royal Capital*, did this to "sleep" the claims through the limitations period. If this is proven true, it is clear under Georgia law that State Farm cannot now raise the limitations period in defense to these claims because it can be plausibly inferred that State Farm may have waived the one-year limitation. Accordingly, the amended complaint is not subject to dismissal on this ground, and the Longs' proposed amendment is not futile.

In a recent order in another case against State Farm, *Thompson v. State Farm Fire and Cas. Ins. Co.*, 2017 WL 3776704 (M.D. Ga.), this Court reached the same conclusion on the same issue in similar circumstances. There, State Farm moved for summary judgment, arguing that all claims with a date of loss more than one year prior to the filing of the lawsuit are barred by the one-year limitations provision in insureds'

policies.  *Thompson*, 2017 WL 3776704, at *2 (M.D. Ga.).  There, as here, State Farm claimed that its actions could not, as a matter of law, constitute waiver according to Georgia law.  *See* Doc. 17 at 8-15.  The Court denied State Farm's motion in *Thompson*, finding "genuine disputes of material fact as to whether State Farm waived the policies' one-year contractual limitations period" on a record similar to the Longs' allegations.  2017 WL 3776704, at *2.  The Court ruled that, under Georgia law, a jury could find that "State Farm's actions and conduct, when taken together and considered as a whole, may amount to an intentional relinquishment of a known right." *Id.* at 15 (quoting *Forsyth Cty. v. Waterscape Servs., LLC*, 303 Ga. App. 623, 630, 694 S.E.2d 102, 109-10 (2010)) (internal quotation marks and punctuation omitted).  Similarly, as noted by the Longs, another court in the Middle District of Georgia, hearing a diminished value case, recently denied the insurance company defendant's motion to dismiss for failure to state a claim where the plaintiffs amended their complaint to allege that the defendant slept the plaintiffs' claims through conduct similar to State Farm's, thereby waiving the contractual limitations period.  Doc. 19 (citing *Morrow v. Allstate Indemnity Company*, 2017 WL 3495420, at *1-2).

For the same reasons, the Longs' amended complaint plausibly states a claim that State Farm acted to avoid the consequences of *Mabry* and *Royal Capital*. Accordingly, accepting the allegations of the proposed amended complaint as true and drawing all reasonable inferences in favor of the Longs, State Farm's "actions and conduct, when taken together and considered as a whole, may amount to an intentional relinquishment of a known right" and therefore may constitute waiver.  *Thompson*, 2017 WL 3776704, at *2 (quoting *Forsyth Cty.*, 303 Ga. App. at 630, 694 S.E.2d at 109-10)

(internal quotation marks and punctuation omitted).  The Court cannot say that the Longs' motion to amend their complaint is futile.

### III.  CONCLUSION

The Court accordingly **GRANTS** the Longs' motion to amend their complaint (Doc. 16) and **DENIES** State Farm's motion to dismiss (Doc. 6).

**SO ORDERED**, this 15th day of September, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT